**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CATRINA DICKENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-13-331-M** |
| | ) | |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **ACTING COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Having conducted an initial review of the Complaint filed in this action, it appears that venue is not proper in this District. Accordingly it is recommended that the action be **TRANSFERRED** to the United States District Court for the Western District of Arkansas, Fayetteville Division.

The venue provision governing judicial review of a final decision of the Commissioner of Social Security provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision

> or within such further time as the Commissioner of Social Security may allow. *Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides*, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g) (emphasis added).

The Complaint and civil cover sheet indicate the Plaintiff resides in Siloam Springs, County of Benton, State of Arkansas, which falls within the United States District Court for the Western District of Arkansas, Fayetteville Division. *See* 28 U.S.C §83(b)(5). Thus, venue is not proper in this Court. The Court has the authority to raise the issue of defective venue on its own motion as long as the parties have an opportunity to present their views on the issue. *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996) (at any time before defendants waive defense of improper venue, district court may raise the issue on its own). In this regard, the parties will have an opportunity to be heard on the venue issue by timely filing an objection to this Report and Recommendation. *Cf. Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994)(unpublished op.)(no due process problem when court raises procedural bar *sua sponte* as petitioner has opportunity to address the matter by objecting to the magistrate judge's report and recommendation prior to the district judge's decision); *Munn v. Ward*, No. 98-6207, 1998 WL 764651, at *2 (10th Cir. Oct 28, 1998)(unpublished op.)(no due process problem when magistrate judge raised procedural bar *sua sponte* because petitioner was given opportunity to and did not object to the magistrate judge's report and recommendation).

When venue is not proper, the court has the discretion to dismiss the action or, if it be in the interest of justice, to transfer it to any district or division in which it could have been brought. 28 U.S.C §1406(a). As the time limit for Plaintiff's appeal of the final administrative decision of Defendant will have expired if the Court dismisses this action and requires her to refile it in the proper district, the undersigned finds that the interest of justice would be better served by the transfer to the United States District Court for the Western District of Arkansas, Fayetteville Division.

## RECOMMENDATION

Based on the forgoing reasons, it is recommended that this action be **TRANSFERRED** to the United States District Court for the Western District of Arkansas, Fayetteville Division, pursuant to 42 U.S.C. 405(g) and 28 U.S.C §1406(a). The parties are advised of their right to file an objection to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72(b)(2). Any such objections should be filed with the Clerk of the District Court by **May 9, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of Court is hereby directed to provide a copy of this Report and Recommendation to the Social Security Administration-Dallas, Office of General Counsel at ogc.dallas.wdok@ssa.gov.

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on April 25, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE